**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**
***ex rel.* ESTATE OF ROBYN TURNER** **PLAINTIFFS**

**VERSUS** **CIVIL ACTION NO. 1:18-cv-338-HSO-JCG**

**THE GARDENS PHARMACY, LLC,**
**DR. BRIAN TSANG and ALBERT TSANG** **DEFENDANTS**

**DR. BRIAN TSANG'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

**JURY TRIAL DEMANDED**

COMES NOW, the separate Defendant, Dr. Brian Tsang ("Dr. Tsang" or "Defendant"), and in response to the Complaint files this Answer and Affirmative Defenses, as follows:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

Plaintiffs' claims should be dismissed because Robyn Turner (the "Relator"), is deceased and claims under the False Claims Act do not survive the death of the Relator. *See e.g., U.S. ex rel. Harrington v. Sisters of Providence in Oregon*, 209 F. Supp. 2d 1085 (D. Or. 2002) (dismissing qui tam action under False Claims Act because relator was deceased).

**THIRD DEFENSE**

The Complaint fails to state its claims with the requisite particularity required by Fed. R. Civ. P. 9(b) and should be dismissed.

**FOURTH DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of limitation, statutes of reposes and/or by the doctrine of laches.

**FIFTH DEFENSE**

The Complaint is barred by the Public Disclosure bar of the False Claims Act, 31 U.S.C. § 3730(e)(4), and the Relator is not the original source as contemplated therein.

**SIXTH DEFENSE**

Plaintiffs' claims are barred by governmental knowledge and/or the doctrines of waiver or estoppel.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of unclean hands and equitable conduct.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred because the applicable statutes and regulations asserted therein are unconstitutionally vague, as applied to Dr. Tsang, in violation of his rights under the Due Process Clause of the U.S. Constitution.

**NINTH DEFENSE**

The Complaint should be dismissed because Plaintiffs lack standing to assert the claims and damages therein on behalf of the Estate of Robyn Turner, or are not the real parties in interest to assert such claims and damages as required by Fed. R. Civ. P. 17.

**TENTH DEFENSE**

Dr. Tsang affirmatively pleads all defenses within the False Claims Act, 31 U.S.C. § 3729 *et. seq*., the Anti-Kickback Statute, 42 U.S.C. § 1320, the Stark Law, 42 U.S.C. § 1395, and all regulatory provisions thereof contained in the Code of Federal Regulations.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have suffered no injury or damages, and neither is entitled to compensatory damages, civil penalties, interest or any other damages, penalties or awards or, in the alternative, Plaintiffs have failed to mitigate their alleged damages or losses.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Dr. Tsang at all times complies with all applicable statutes, regulations, standards and laws, and acted in good faith and in accordance with established industry practice.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Dr. Tsang did not directly or indirectly engage in any conduct in violation of any law as alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Dr. Tsang affirmatively pleads he is entitled to all attorneys' fees and expenses to defend this action upon prevailing pursuant to 28 U.S.C. § 3729(g), 28 U.S.C. § 2412 and/or other applicable law permitting recovery of same from Plaintiffs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because they violate Dr. Tsang's rights under the Due Process and Ex Post-Facto Clauses of the U.S. Constitution, in so far as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because they violate Dr. Tsang's rights under the Due Process Clause of the U.S. Constitution, in so far as Plaintiffs seek to impose liability without Dr. Tsang having the ability to obtain discovery, testimony and other evidence from the Relator, who is deceased, and Clark Levi, who is also deceased, and to the extent such evidence is unobtainable due to the passage of time or spoliation issues.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for damages and/or penalties are unconstitutional and penal and violate the Fifth and Eighth Amendments to the U.S. Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred for failure to exhaust their administrative remedies.

**NINETEENTH AFFIRMATIVE DEFENSE**

Dr. Tsang affirmatively pleads all defenses under applicable statutes, regulations and policies concerning TRICARE and Medicare.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages were not caused by Dr. Tsang and any such damages, which are denied, were caused by the acts or omissions of third-parties and/or Plaintiffs.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Dr. Tsang never knowingly made, or caused to be made, a false claim or statement as alleged in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrines of res judicata, collateral estoppel and/or judicial estoppel.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' are barred for failure to follow statutory prerequisites and/or conditions precedent prior to filing the Complaint.

**RESERVATION OF RIGHTS**

Dr. Tsang reserves the right to amend his answer and to assert additional affirmative defenses as may be developed through discovery and/or the factual developments in this case.

**ANSWER**

1. The allegations contained in Paragraph 1 are denied.

**PARTIES**

2. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 2, which are therefore denied.

3. It is admitted that the United States is a party plaintiff. All other allegations contained in Paragraph 3 are denied.

4. Dr. Tsang is without sufficient information to admit or deny the remaining allegations contained in Paragraph 4, which are therefore denied.

5. The allegations contained in Paragraph 5 are admitted.

6. It is admitted that Albert Tsang is the son of Dr. Tsang. The remaining allegations contained in Paragraph 6 are denied.

**JURISDICTION AND VENUE**

7. The allegations contained in Paragraph 7 are denied.

8. It is admitted that Dr. Tsang resides with the Southern District of Mississippi. The remaining allegations contained in Paragraph 7 are denied.

8. The Complaint appears to have mistakenly numbered Paragraph 8 twice. To avoid confusion, Dr. Tsang will respond in kind to the mistakenly numbered Paragraph 8 (which should

be Paragraph 9) and so forth. Dr. Tsang is without sufficient information to admit or deny the allegations contained in the mistakenly numbered Paragraph 8, which are therefore denied.

## LEGAL BACKGROUND

9. The allegations contained in Paragraph 9 state only legal conclusions which do not require a response from Dr. Tsang. To the extent a response may be required, they are denied.

10. The allegations contained in Paragraph 10 state only legal conclusions which do not require a response from Dr. Tsang. To the extent a response may be required, they are denied.

11. The allegations contained in Paragraph 11 state only legal conclusions which do not require a response from Dr. Tsang. To the extent a response may be required, they are denied.

12. The allegations contained in Paragraph 12 state only legal conclusions which do not require a response from Dr. Tsang. To the extent a response may be required, they are denied.

13. The allegations contained in Paragraph 13 state only legal conclusions which do not require a response from Dr. Tsang. To the extent a response may be required, they are denied.

14. The allegations contained in Paragraph 14 state only legal conclusions which do not require a response from Dr. Tsang. To the extent a response may be required, they are denied.

## FACTUAL BACKGROUND

15. The Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 15, which are therefore denied.

16. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 16, which are therefore denied.

17. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 17, which are therefore denied.

18. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 18, which are therefore denied.

19. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 19, which are therefore denied.

20. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 20, which are therefore denied.

21. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 21, which are therefore denied.

22. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 22, which are therefore denied.

23. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 23, which are therefore denied.

24. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 24, which are therefore denied.

25. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 25, which are therefore denied.

26. Dr. Tsang denies illegally referring any patients or illegally writing any prescriptions as alleged in the Complaint. Dr. Tsang is without sufficient information to admit or deny the remaining allegations contained in Paragraph 26, which are therefore denied.

27. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 27, which are therefore denied.

28. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 28, which are therefore denied.

29. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 29, which are therefore denied.

30. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 30, which are therefore denied.

31. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 31, which are therefore denied.

32. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 32, which are therefore denied.

33. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 33, which are therefore denied.

34. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 34, which are therefore denied.

35. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 35, which are therefore denied.

36. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 36, which are therefore denied.

37. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 37, which are therefore denied.

38. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 38, which are therefore denied.

39. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 39, which are therefore denied.

40. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 40, which are therefore denied.

41. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 41, which are therefore denied.

42. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 42, which are therefore denied.

43. It is admitted that Dr. Tsang practices in pain management, among other things, and operated out of the PainStop Spine clinic. The remaining allegations contained in Paragraph 43 are denied.

44. It is admitted that Dr. Tsang treats patients who receive Medicare benefits. The remaining allegations contained in Paragraph 44 are denied, and Dr. Tsang specifically denies illegally referring any patients or illegally writing any prescriptions as alleged in the Complaint.

45. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 45, which are therefore denied.

46. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 46, which are therefore denied.

48. The Complaint skips a Paragraph 47. Dr. Tsang will therefore respond in kind to the allegations beginning again at Paragraph 48, which are denied.

49. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 49, which are therefore denied.

50. Dr. Tsang is without sufficient information to admit or deny the allegations contained in Paragraph 50, which are therefore denied.

**COUNT I: FALSE CLAIMS ACT AGAINST ALL DEFENDANTS**

51. Dr. Tsang adopts and incorporates the previous defenses, responses and denials to Paragraphs 1 through 50 in the Complaint as if set forth herein.

52. The allegations contained in Paragraph 52 are denied, and Dr. Tsang specifically denies illegally referring any patients or illegally writing any prescriptions as alleged in the Complaint.

53. The allegations contained in Paragraph 53 are denied, and Dr. Tsang specifically denies illegally referring any patients or illegally writing any prescriptions as alleged in the Complaint.

54. The allegations contained in Paragraph 54 are denied.

55. The allegations contained in Paragraph 55 do not require a response from Dr. Tsang, who likewise demands jury trial in this matter.

**PRAYER FOR RELIEF**

Dr. Tsang denies all allegations contained in Paragraphs 1 through 5 contained in the final *ad damnum* clause beginning with "Wherefore," and denies that Plaintiffs are entitled to any damages or relief whatsoever in this matter.

**WHEREFORE**, the above premises considered, Defendant, Dr. Brian Tsang, having answered the allegations of the Complaint and having asserted his affirmative defenses thereto, requests that the Complaint be dismissed with prejudice with all costs assessed to Plaintiffs. Dr. Tsang further requests that he be awarded his attorneys' fees and expenses to defend this action upon prevailing pursuant to 28 U.S.C. § 3729(g), 28 U.S.C. § 2412 and/or other applicable law permitting recovery of same from Plaintiffs.

Respectfully submitted this the 5th day of July, 2021.

DR. BRIAN TSANG

BY: BALCH & BINGHAM LLP

BY: */s/ K.C. Hightower*
Of Counsel

K.C. Hightower (MS Bar No. 101246)
Bryan C. Sawyers (MS Bar No. 104177)
1310 25th Avenue
P.O. Box 130
Gulfport, Mississippi 39502
Telephone: (228) 864-9900
Facsimile: (228) 864-8221

**CERTIFICATE**

I hereby certify that on this day I have caused the foregoing pleading or other paper to be electronically filed with the Clerk of the Court using the ECF system, which sent notification to all counsel of record properly registered with the ECF system.

This the 5th day of July, 2021.

BY: */s/ K.C. Hightower*
Of Counsel