IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*<br>ESTATE OF ROBYN TURNER | PLAINTIFFS |
| v. | Civil No. 1:18-cv-338-HSO-RHWR |
| THE GARDENS PHARMACY, LLC,<br>DR. BRIAN TSANG, and ALBERT<br>TSANG | DEFENDANTS |

### ORDER GRANTING DEFENDANT DR. BRIAN TSANG'S [89] MOTION TO STRIKE PLAINTIFF'S NOTICE OF EXPERT DESIGNATIONS AND DENYING RELATOR THE ESTATE OF ROBYN TURNER'S [93] MOTION TO EXTEND EXPERT DISCLOSURE DEADLINE

BEFORE THE COURT is the [89] Motion to Strike [88] Notice of Service of Designation of Experts filed by Defendant Dr. Brian Tsang. Defendant Albert Tsang [91] Joined the Motion. Relator the Estate of Robyn Turner has filed a [92] Response, and Defendants a [97] Reply. Also before the Court is Relator the Estate of Robyn Turner's [93] Motion to Extend Expert Disclosure Deadline. Defendant Albert Tsang has filed a [95] Response, which Defendant Dr. Brian Tsang has [98] Joined. For the reasons below, the Court will grant the [89] Motion to Strike and deny the [93] Motion to Extend Expert Disclosure Deadline.

I. FACTS AND PROCEDURAL BACKGROUND

Relator the Estate of Robyn Turner ("Relator") brought this qui tam action under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, alleging that Defendant The Gardens Pharmacy, LLC, violated the FCA, the Anti-Kickback Statute, and the Stark Law, by paying commissions to sales agents for referrals for prescriptions paid for by

Medicare and TRICARE. Relator further alleged that the familial relationship between a sales agent and a doctor violated the Stark Law. Compl. [1] at 2-8. The Government elected to decline intervention. Not. [8] at 1.

On May 22, 2020, the Court stayed and administratively closed this case pending resolution of a federal criminal investigation into Defendants Dr. Brian Tsang and Albert Tsang (collectively "Defendants"). Order [39] at 1; Order [40]. On June 14, 2021, the Court lifted the stay, Order [50], and one month later reopened the case, Text Only Order July 14, 2021.

On September 27, 2021, the Court entered a Case Management Order that required Relator to designate her expert witnesses by April 6, 2022. Case Management Order [6] at 4. On this date, Relator designated Stephanie Halphen ("Halphen"), a managing partner of Halphen Forensic Accounting, as her expert witness. Not. of Service of Designation of Experts [88] at 1. Relator did not provide a written report but stated that she would provide one through supplementation once it was prepared. *Id*. Despite this representation, Relator has not submitted a signed, written report.

Defendants, therefore, moved to strike Relator's [88] Notice of Service of Designation of Experts for failure to comply with Federal Rule of Civil Procedure 26. Mot. to Strike [89] at 1; Joinder in Doc. [91]. In response, Relator moved to extend the expert disclosure deadlines in this case. Mot. to Extend Expert Disclosure Deadline [93] at 1.

## II. DISCUSSION

**A. Defendants' Motion to Strike**

1. <u>Relevant Legal Authority</u>

Federal Rule of Civil Procedure Rule 26(a)(2)(D) requires expert disclosures to be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). This Court's Local Rules require a party to make a "full and complete disclosure ... no later than the time specified in the case management order...." L.U. Civ. R. 26(a)(2). The Local Rules further provide that "[a]n attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court." L. U. Civ. R. (26)(a)(2)(A).

Parties must submit a written report from every expert witness who the party retains or specially employs to provide expert testimony. Fed. R. Civ. P. 26(a)(2)(B). This report must contain the expert's opinions, the reasons for these opinions, the information the experts considered in formulating these opinions, and any exhibits the expert will use to support their report. *Id.* Parties need not submit a written report for experts who are not specifically retained or employed to provide expert testimony, but who still qualify as experts under Rule 702. Fed. R. Civ. P. 26(a)(2)(C). For these experts, a party must only disclose the subject matter about which the witness will testify and a summary of the facts and opinions to which the expert will testify. *Id.*

Federal Rule of Civil Procedure 37(c)(1) states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (c), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Similarly, the Local Rules provide that "[a]bsent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L. U. Civ. R. 26(a)(2).

2. Analysis

i. Adequacy of Expert Designation

Defendants ask this Court to strike [88] Relator's Notice of Service of Designation of Experts because Relator failed to provide the necessary expert report and opinions under Rule 26(a)(2)(B), and Relator's deadline for doing so has passed. Mot. to Strike [89] at 1. Relator admits that her expert designation is insufficient and states that she is still waiting on the necessary claims data from the Defense Health Agency ("DHA") and Centers for Medicare and Medicaid Services ("CMS") so that her expert can provide a written report. Mem. in Opp'n. to Mot. to Strike [92] at 1.

Upon review, the Court agrees that Relator's expert designation fails to meet Rule 26's disclosure requirements because she has not submitted a signed, written expert report, nor has she provided a sufficient summary of the facts and opinions to which Halphen will testify. Therefore, Relator's [88] Notice of Service of Designation of Experts is subject to being stricken for failure to comply with Federal Rule 26(a)(2)(B) and Local Rule 26(a)(2)(D).

ii. <u>Remedy for Inadequate Designation</u>

When a party fails to follow the rules regarding expert designations, the Court must determine the appropriate remedy. In doing so, the Court must consider four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-883 (5th Cir. 2004). The Court address each in turn.

(a) <u>Explanation for Failure to Properly Designate</u>

Relator explains that she has not provided an expert report because she is still waiting on the necessary claims data. Mem. in Opp. [92] at 1. However, Relator asserts that she "will supplement these designations pursuant to FRCP 26(e)(2), including delivery of a written report, upon receipt and analysis of the claims data . . . ." Not. [88] at 1. Defendants respond that Relator's explanation is insufficient because the burden is on her to timely subpoena necessary documents and because she was aware of the potential inability to comply with the deadline but declined to seek a timely extension. Mem. in Opp'n. to Mot. to Extend Expert Disclosure Deadline [96] at 2-4.[1]

While the Court is sympathetic to potential difficulties in obtaining information from governmental agencies, it cannot ignore that Relator was admittedly aware of the conflict those difficulties created with her then-impending expert designation deadline. Mem. in Supp. of Mot. to Extend Expert Disclosure Deadline [94] at 2. If

---

[1] Defendants' [97] Reply in Support of Motion to Strike incorporates the arguments made in their [96] Memorandum in Opposition to Relator's Motion to Extend Expert Disclosure Deadlines.

Relator could not provide the expert report by the expert designation deadline, the proper response was to ask the Court for more time. Instead, Relator filed a knowingly deficient expert designation.

Additionally, Relator's statement of her intent to provide the expert report upon receipt of the necessary information "is inadequate and plainly does not satisfy the requirements of Rule 26."[2] *Wiley v. Wabtec Manufacturing Solutions, LLC*, Civ. No. 4:20-cv-345, 2021 WL 6201838, at *2 (E.D. Tx. Dec. 6, 2021). As the Fifth Circuit has stated, initial expert disclosures "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). Yet, Relator attempts to use her initial expert disclosure to do exactly that. *See* Not. [88] at 1. The Court also notes that attempting to designate an expert witness in this manner is clearly at odds with the Local Rules requirements that parties make a "full and complete disclosure . . . no later than the time specified in the case management order...." L. U. Civ. R. 26(a)(2). For those reasons, this factor favors striking the expert designation.

(b)   <u>Importance of Expert Testimony</u>

---

[2] The Court also notes the impermissibility of using supplementation to "fix" problems in initial expert designations or reports. *See Buxton v. Lil' Drug Store Products, Inc*., Civ No. 2:02-cv-178, 2007 WL 2254492, at *5 (S.D. Miss. Aug. 1, 2007) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.,* 110 F.3d 253, 258 (5th Cir. 1997) (affirming the district court's refusal to allow late supplementation of expert reports and holding: "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."); *Cleave v. Renal Care Grp., Inc.,* Civ No. 2:04-cv-16, 2005 WL 1629750, at * 1 (N.D. Miss. July 11, 2005) ("A new expert affidavit which is submitted to rebut a summary judgment motion should be stricken if the new opinion is different from the earlier Rule 26 report.").

Relator argues that Halphen's testimony regarding the "value of false claims submitted to and reimbursed by Medicare and TRICARE would be useful to the Court and the parties." Mem. in Supp. [94] at 2 (citation omitted). Relator further argues that:

> Pharmacy claims data can be confusing, and the pricing of compound pharmacy claims may be even more confusing. An accountant is well-positioned to identify and explain the amounts paid by DHA and CMS to The Gardens in response to false claims. Further, claims data, even when de-identified and covered by a protective order, involves inherently sensitive health data. Expert testimony, subject to cross-examination, permits a focus of the evidence on the elements important to a calculation of damages instead of the otherwise necessary focus on authentication of the data, which poses challenges to maintaining the confidentiality of the data.

*Id*. Defendants respond that Halphen's testimony regarding the value of the alleged false claims "would amount to the opinion of a human calculator." Mem. in Supp. of Mot. to Strike [90] at 4.

The Court cannot state with certainty the importance of Halphen's testimony, partly due to the lack of proper designation. However, other courts in this district have indicated that an expert witness's testimony regarding financial data may be considered important in certain circumstances. *See Mahli, LLC v. Admiral Ins. Co.*, Civ. No. 1:14-cv-175, 2015 WL 4915701, at *4 (S.D. Miss. Aug. 18, 2015) (citing cases). Even if the importance of Halphen's proposed testimony weighed against striking her designation, the importance of proposed testimony cannot "singularly override the enforcement of local rules and scheduling orders." *Geiserman v. MacDonald,* 893 F.2d 787, 792 (5th Cir. 1990).

(c)   Potential Prejudice to Defendants

7

Defendants argue that Relator's failure to sufficiently disclose her expert witness prejudices them because they will have to potentially designate expert witnesses to rebut the unknown testimony of Relator's expert witness. Mem. in Supp. [90] at 5. Defendants also argue that they will be prejudiced by "(1) increased expenses and (2) additional time extensions required to determine if expert testimony is needed to adequately defend the case, specifically the unknown damages component." Mem. in Opp'n. [96] at 5.

The Court agrees that Relator's lack of information and failure to meet the Court's deadline prejudices Defendants. Defendants' expert designation deadline has now passed, and Relator has still not provided an expert report or a sufficient summary of the facts and opinions she expects Halphen to testify to. Therefore, Defendants were deprived of the opportunity to timely file rebuttal opinions, facts, and data. This factor favors striking the expert designation.

(d) <u>Availability of Continuance</u>

Although a continuance may ameliorate some potential prejudice to Defendants, as discussed below, *see infra* Section II.B.2.ii, any extensions in this matter will almost certainly necessitate moving the trial date. At some point, the litigation, in this case, has to end, and further delays attributable to the failure to comply with the Court's scheduling order and make required expert disclosures unnecessarily delay the resolution of this matter. Additionally, when other factors support striking an expert designation, as they do in this case, the Court is not required to continue a trial. *Hamburger,* 361 F.3d at 883-84. "Otherwise, the failure to satisfy the rules

8

would never result in exclusion, but only in a continuance. Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." *Id.* at 884.

Based on the holding in *Hamburger* and the facts and circumstances of this case, the Court finds a continuance is not warranted. *See S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 537 (5th Cir. 2003) (holding the district court's exercise of its "sound discretion not to grant a continuance" when doing so would unnecessarily delay the trial" was not an abuse of discretion). Therefore, this factor favors striking the expert designation.

iii. Conclusion

In this case, Relator designated an expert witness without providing a full disclosure of information; therefore, her Notice of Service of Designation of Experts is subject to being stricken under Local Rule 26(a)(2)(A). Additionally, because three of the four *Hamburger* factors favor striking the expert designation, the Court agrees that this is the appropriate sanction.

**B.  Relator's Motion to Extend Expert Disclosure Deadline**

1.  Relevant Legal Authority

When a deadline expires without a motion for additional time, the more stringent standard of Federal Rule of Civil Procedure 6(b)(1)(B) applies. This Rule provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired: [...] if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Therefore, an

9

extension under this Rule requires showing *both* good cause and excusable neglect. *Casey v. Quality Restaurants & Concepts*, Civ. No. 1:10-cv-309, 2012 WL 3261367, at *2 (N.D. Miss. Aug. 8, 2012) (emphasis in original). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler,* 376 Fed. App'x. 442, 443-44 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 894-98(1990)).

2. <u>Analysis</u>

In this case, Relator did not move to extend her expert designation deadline until May 5, 2022, twenty-five days after the April 6, 2022, deadline established by the Court's Case Management Order expired. *See* Case Management Order [61] at 4; *see also* Mot. [93]. Therefore, an extension will not be granted unless Relator can show both good cause and excusable neglect.

i. <u>Good Cause</u>

When a party moves for an extension after the deadline, "part of the good cause showing generally required by [the] court includes an explanation for why a timely request for additional time *could not* have been made before the expiration of time." *Casey*, 2012 WL 3261367 at *2 (N.D. Miss. Aug. 8, 2012) (citing *Johnson v. Bolivar County*, Civ. No. 2:08-cv-226, 2009 WL 4855988, *3-4 (N.D. Miss. Dec. 9, 2009)). Relator has not offered any explanation for why a timely extension request could not have been made. Nor does any explanation appear to exist. Despite apparent knowledge of the inability to meet her expert designation deadline, instead of

10

properly seeking an extension before the deadline passed, Relator filed an admittedly deficient expert designation. Mem. in Opp'n. [92] at 1. Therefore, Relator has not shown the existence of good cause

ii.  Excusable Neglect

The Court's excusable neglect inquiry considers the following factors: (1) the danger of prejudice to the Defendants, (2) the length of the delay and its potential impact on the judicial proceedings, and (3) the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 161 n. 8 (5th Cir. 2006) (internal quotation marks and citations omitted).

With respect to the first factor, the Court agrees with Defendants that granting the requested extension will result in prejudice. Even if the Court had determined that the extension would not prejudice Defendants, the motion would still be denied. This Court is not convinced that the mere lack of prejudice is sufficient to demonstrate excusable neglect. If it were "[t]he word 'excusable' would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm." *See Tuesno v. Jackson,* Civ. No. 5:08-cv-302, 2013 WL 685928, at *5 fn. 2 (S.D. Miss. Feb. 25, 2013) (citing *Halicki v. Louisiana Casino Cruises, Inc.,* 151 F.3d 465, 469 n. 4 (5th Cir. 1998) (citation omitted).

Under the second factor, the Court considers the length of the delay and its potential impact on judicial proceedings. Relator suggests that her requested extension "does not impact any other deadlines, and no defendants would be jammed

by the delay." Mem. in Supp. [94] at 2. The Court disagrees. First, Relator requests the Court extend her expert designation deadline to May 30, 2022, Defendants' expert designation deadline to June 30, 2022, and leave all other case management deadlines in place. Mot. [93] at 1. However, it does not appear that Relator has obtained all of the claims data she represents is necessary for her expert to provide a written report. For example, Relator represents that the Defense Health Agency has agreed to provide the claims data only after the Court entered an amended protective order. Mem. in Supp. [94] at 2. That Court entered the protective order on May 16, 2022. S*ee* Stipulated Protective Order [101]. Therefore, assuming Relator has obtained all the other necessary claims data, she would have about two weeks to review it, provide it to her expert witness, and produce a signed, written report. If not, another extension would presumably become necessary.

Even if the expert witness could provide a written report by the proposed deadline, Defendants have indicated that they will likely require an extension. Mem. in Opp'n. [96] at 4. Additionally, despite Relator's suggestion to the contrary, Defendants are likely to be "jammed" by the delay. If the Court granted the requested extension, Relator would have had almost three extra months to designate her expert. Conversely, under Relator's proposed deadlines, Defendants would have only one month to respond to her expert designation. Moreover, if all the other case management deadlines remained in place, as Relator requests, Defendants time to complete discovery and file dispositive motions, following their expert designation

deadline, would be effectively cut in half. Thus, the prejudice is not as "negligible" as Relator suggests.

Finally, the Court considers the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith. As discussed previously, the Court is mindful of the potential difficulties in obtaining information from governmental agencies; however, it cannot ignore Realtor's blatant disregard of the rules. *See supra* Section II.A.2.ii(a). Relator's filing of a knowingly deficient expert designation and dilatory pursuit of an extension lacks good faith.

Because Relator requested an extension after the deadline and has not shown good cause and excusable neglect, the Court will deny her request to extend the expert designation deadlines.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Dr. Brian Tsang's [89] Motion to Strike [88] Notice of Service of Designation of Experts is **GRANTED**.

**IT IS, FURTHER, ORDERED** that, Relator the Estate of Robyn Turner's [93] Motion to Extend Expert Disclosure Deadline is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 24th day of May 2022.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE